UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No. 11-1-ART |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DARRELL B. PATRICK | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

All agree that the police acted in good faith in this case. Having executed a controlled buy at the defendant's home—the last in a series of similar transactions—and having watched several vehicles make short visits there, the police applied for a search warrant for the house. *See* R. 18, Attach. 2 at 4-5. As the defendant does not dispute, the application appropriately included an affidavit "particularly describ[ing] the place[s] to be searched, and the persons or things to be seized." *See id.* at 1-4; U.S. Const. amend. IV. And it was approved by an undisputedly neutral magistrate, family court Judge Johnny Ray Harris, presiding over a three-county jurisdiction drawn in part by Kentucky's supreme court and in part by statute. *See* KRS FFCR Rule 1.02 (describing jurisdiction of family court in Floyd, Knott, and Magoffin counties); *see also* Ky. Const. § 112(6) ("The Supreme Court may designate one or more divisions of Circuit Court within a judicial circuit as a family court division."); KRS § 23A.020(31), (36) (designating Floyd County as the thirty-first circuit and Magoffin and Knott as the thirty-sixth).

Despite law enforcement's good faith, the defendant seeks to suppress the fruits of that warrant on the theory that Judge Harris lacked authority to issue it. The defendant does not dispute that Kentucky family court judges generally have that authority—likely because Kentucky's constitution says that family courts "retain the general jurisdiction of the Circuit Court." Ky. Const. § 112(6). Instead, the defendant argues that Judge Harris lacked state constitutional authority to issue this warrant in the defendant's home county, Magoffin. R. 18, Attach. 1. He elaborates that Kentucky's constitution requires that judges be elected "from their respective districts or circuits," Ky. Const. § 117, and yet Judge Harris allegedly has only been elected by the residents of one of the three counties he represents—Floyd County. R. 18, Attach. 1 at 2. Without also being elected in Magoffin County, the argument goes, Kentucky's constitution strips him of authority to issue search warrants there. This argument fails for two reasons.

The first is that the defendant has not shown that this warrant violated the Fourth Amendment. As the proponent of the motion to suppress, the defendant has "the burden of establishing that the evidence was secured by an unlawful search." *United States v. Blakeney*, 942 F.2d 1001, 1015 (6th Cir. 1991) (citation omitted). And yet he leaves two gnawing issues unaddressed. To begin, the defendant cites to nothing to demonstrate that Judge Harris was not elected by the residents of Magoffin County. The Court cannot just toss out the fruits of a warrant on the defendant's say-so.

But more importantly, the defendant has not meaningfully explained why this warrant is invalid under the Fourth Amendment. Yes, (he might have argued) the Sixth Circuit has said that warrants violate the Fourth Amendment when the issuing magistrate judge lacks

2

any "debatable" authority under state law. *United States v. Master*, 614 F.3d 236, 239 n.2 (6th Cir. 2010) (distinguishing *United States v. Franklin*, 284 F. App'x 266 (6th Cir. 2008)). But Judge Harris apparently *did* have "debatable" authority to issue a warrant in Magoffin County. After all, the defendant acknowledges that Judge Harris was at least a properly elected judge in Floyd County. And Kentucky's Supreme Court has held that Kentucky judges have the power to issue warrants anywhere in the state in the absence of an "explicit" law stating otherwise. *Richmond v. Com.*, 637 S.W.2d 642, 645 (Ky. 1982); *see also Com. v. Shelton*, 766 S.W.2d 628, 629 (Ky. 1989); *Brutley v. Com.*, 967 S.W.2d 20, 22 (Ky. 1998). Is there now a law explicitly stating otherwise? The defendant has not said, and the Court cannot abandon its neutral role to find one for him. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 357 (2006) ("What makes a system adversarial rather than inquisitorial is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties.") (internal quotation marks and citation omitted).

Second, even if this warrant did violate the Fourth Amendment, exclusion of the resulting evidence would be improper. The *Master* court held that a magistrate's issuing a warrant without state-law authority to do so is not a basis for excluding evidence if law enforcement acted in good faith. 614 F.3d at 241-43. It explained that the exclusionary rule is designed to "punish police rather than judicial misconduct," *id.* at 242 (internal quotation marks omitted), and so it would make little sense to exclude evidence where the police sought a warrant with no reason to doubt the magistrate's authority. And it is inconceivable that the police here had any reason to doubt the magistrate's authority to issue a search

warrant in Magoffin County—much less that they acted in "deliberate, reckless, or grossly negligent" disregard for that authority. *Herring v. United States*, 129 S. Ct. 695, 702 (2009). Not only would investigators have no reason to know the particulars of the latest local election, but Judge Harris presided over Magoffin County by design of both Kentucky's legislature and its supreme court. The legislature created two judicial circuits, one for Floyd County and one for both Magoffin and Knott counties together. KRS § 23A.202(31), (36). Then, under its constitutional authority to designate family court divisions of judicial circuits, Ky. Const. § 112(6), Kentucky's supreme court designated Judge Harris's court as the family court for Floyd County and as the "specially appointed" family court for Magoffin and Knot counties—at least according to this Court's understanding, and the defendant has not shown otherwise. And unless this official act by a coordinate branch of government was "clearly unconstitutional, an officer cannot be expected to question" it. *Cf. Illinois v. Krull*, 480 U.S. 340, 349-50 (1987) (rejecting application of exclusionary rule where law enforcement acted in "reasonable reliance on a statute"). All the less so because relevant case law suggests that, even if Judge Harris was only a proper judge in Floyd County, he could still issue a search warrant in any other county. *Cf. United States v. Buford*, 632 F.3d 264, 276-77 (6th Cir. 2011) ("A police officer who reasonably relies on settled circuit precedent that authorizes the search of a vehicle acts in objective good faith.").

In sum: Because (1) the defendant cites nothing to support his claim that Judge Harris was not elected in Magoffin County; (2) the defendant's short, undeveloped motion is not enough to satisfy his burden of showing that issuance of a search warrant violated the

Fourth Amendment here; and (3) the police acted in good faith, it is **ORDERED** that the motion, R. 18, is **DENIED**.

This the 24th day of May, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge

5